```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARY VORHEES,                                  :       05 Civ. 0350 (SHS)
                                               :
                        Plaintiff,             :
                                               :       ORDER
        -against-                              :
                                               :
ELAINE LORD, ADA PEREZ, DEP. MCELROY,          :
DEP. CASTERLINE, MARK HAYO,                    :
MS. MALLOY, and THOMAS EAGEN,                  :
individually and in their                      :
official capacities,                           :
                                               :
                        Defendant.             :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

   Plaintiff Mary Vorhees—an inmate at Bedford Hills Correctional Facility, a New York state correctional facility, who is proceeding pro se—brings this action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution, as well as violations of due process of law pursuant to Article I, section 6 of the New York State Constitution. Specifically, plaintiff claims in the amended complaint that the showers in her housing unit at Bedford Hills were so unsanitary that the defendants' failure to repair them constituted a violation of her constitutional right to be free from cruel and unusual punishment. Plaintiff seeks injunctive relief and compensatory damages, and she sues defendants in their individual and official capacities. Plaintiff has now moved for summary judgment in her favor.

   That motion is dismissed for two reasons. First, plaintiff has not submitted a statement pursuant to Local Civil Rule 56.1 of the U.S. District Court for the Southern and Eastern Districts of New York, which requires that "there shall be annexed to the notice of motion a

1

separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Failure to comply with that local rule constitutes grounds for denying the motion. Id.; see also, e.g., Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001); Searight v. Doherty Enters., Inc., No. 02-CV-0604(SJF)(JO), 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (dismissing a summary judgment motion without prejudice for failure to comply with Local Rule 56.1).

Second, plaintiff's motion for summary judgment and the supporting exhibits do not address the claims in her amended complaint at all, and instead assert new claims of retaliation and denial of access to the courts. Plaintiff concedes that she did not allege retaliation or denial of access to the courts in her amended complaint. (Deposition of Mary Vorhees dated June 26, 2007, Ex. D to the Declaration of Julinda Dawkins dated Aug. 27, 2007, at 97:8-20.) A party may not amend a complaint through motions or briefs. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); Goplen v. 51job, Inc., 453 F. Supp. 2d 759, 765 n.4 (S.D.N.Y. 2006); see also Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. Oct. 29, 2007) (summary order); Torres v. Allers, 04 Civ. 1127 (LAP), 2005 U.S. Dist. LEXIS 21356, at *8 n.5 (S.D.N.Y. Sept. 26, 2005).

Accordingly, plaintiff's motion for summary judgment is dismissed without prejudice.

Dated: New York, New York
      March 25, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.